UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUDOOS HAMOOD,

     Plaintiff,

v.
                           Case No. 23-cv-10270
                           Honorable Linda V. Parker
                           Magistrate Judge Anthony P. Patti

ARAB COMMUNITY CENTER FOR
ECONOMIC AND SOCIAL SERVICES
d/b/a ACCESS, a Domestic Nonprofit Corporation,

     Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND (ECF NO.47) OPINION AND ORDER

This is a religious accommodation case arising from Plaintiff Sudoos Hamood's termination by Defendant Arab Community Center for Economic and Social Services ("ACCESS"). On June 10, 2024, Plaintiff filed a motion for partial summary judgment. (ECF No. 33.) Defendant filed a motion for summary judgement the following day. (ECF No. 34.) In an Opinion and Order entered on March 31, 2025, this Court denied Plaintiff's motion for partial summary judgment and granted in part and denied in part Defendant's motion for summary judgment. (ECF No. 47.) Although the Court rejected both of Defendant's undue hardship

arguments, the present discussion concerns only one. Of the two proposed reasonable accommodations, the Court concluded that it could not determine as a matter of law that permitting in person classes would have imposed an undue hardship on Defendant. (ECF No. 47 at 2476-77.) Accordingly, the Court left that issue for the jury to resolve.

Presently before the Court is Defendant's motion to amend, in part, the Court's prior Opinion and Order as it relates to the undue hardship analysis concerning in person classes. Defendant seeks amendment of two paragraphs addressing its undue hardship argument and contends that an intervening change in controlling law warrants reconsideration.

## I.    Applicable Law

Although Defendant does not label its filing as a motion for reconsideration, the relief it seeks—amendment of the Court's prior Opinion and Order—invokes the law applicable to motions for reconsideration. To justify reconsideration under Rule 54(b)[1], a plaintiff must show: 1) an intervening change of controlling law; 2) that new evidence is available; or 3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Govt. v. Hotels.com, L.P,*

---

[1] Federal Rule of Civil Procedure 54(b) provides, in relevant part:
> (b) any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

590 F.3d 381, 389 (6th Cir. 2009).  Local Rule 7.1 provides the following standard

for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will
> not grant motions for rehearing or reconsideration that merely present
> the same issues ruled upon by the court, either expressly or by
> reasonable implication. The movant must not only demonstrate a
> palpable defect by which the court and the parties and other persons
> entitled to be heard on the motion have been misled but also show that
> correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear,

unmistakable, manifest or plain."  *Mich. Dep't of Treasury v. Michalec*, 181 F.

Supp. 2d 731, 734 (E.D. Mich. 2002).

"[A] motion for reconsideration is not properly used as a vehicle to re-hash

old arguments or to advance positions that could have been argued earlier but were

not."  *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637

(E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*,

146 F.3d 367, 374 (6th Cir.1998)).  "A motion for reconsideration 'addresses only

factual and legal matters that the court may have overlooked[.]'"  *Carter v.*

*Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003) (quoting *Above the Belt, Inc. v.*

*Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va 1983).

## II.    Analysis

In its earlier Opinion and Order, the Court determined that Defendant was not entitled to summary judgment because the record did not allow the Court to conclude, as a matter of law, that permitting Plaintiff to teach in person and unmasked would have imposed an undue hardship.  (ECF No. 47 at PageID.2476-78.)  The Court therefore left the issue for the jury to resolve.  In effect, the ruling allowed the jury to revisit and potentially reject Defendant's assessment that it could not accommodate the request while adhering to its COVID-19 safety protocols.

Defendant now relies on the Sixth Circuit's recent decision in *Wise v. Children's Hospital Medical Center of Akron,* to argue that the Court should amend its prior ruling.  *Wise v. Children's Hospital Medical Center of Akron*, 2025 WL 1392209 (6th Cir. May 14, 2025); ECF No. 54 at PageID.2703, 2711, 2715-18.  Defendant argues that *Wise* establishes a rule that, whenever an employer adopts COVID-19 protocols informed by CDC recommendations, courts may never second-guess those decisions. (*Id.* at PageID.2714-17.)

In *Wise*, the Sixth Circuit rejected the plaintiff's argument that accommodating her would not create an undue hardship because the hospital's COVID-19 policies were allegedly inconsistent.  *Wise*, at *5.  But the Court does not read *Wise* to impose a categorical bar on evaluating an employer's

4

undue-hardship defense when it involves COVID-19 protocols. *Groff v. DeJoy* remains controlling and requires an employer to show that an accommodation would impose an undue hardship that is substantial in the overall context of its business. *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). The Sixth Circuit applied that standard in *Wise* by examining the plaintiff's duties, the clinical setting, and patient vulnerability—not merely the employer's reliance on CDC guidance when creating its policies.

Nor do the Sixth Circuit's references to CDC guidance in *Wise* elevate those recommendations to dispositive authority. In the Court's view, the Sixth Circuit cited CDC guidance only to describe the context of the employer's decisions and to address an argument about internal policy consistency. Those statements were not central to the panel's undue hardship analysis. For these reasons, the Court does not read *Wise* as eliminating the need to evaluate undue hardship in the COVID-19 context.

Lastly, in its January 20, 2026, Opinion and Order, the Court concluded that Plaintiff's filings did not suggest that Defendant should be required to hire new employees to accommodate Plaintiff. (ECF No. 69 at 3000-01.) That conclusion was based on the Court's reading of Plaintiff's filings at the time. Although the Court does not understand Plaintiff to be advancing this argument, the law does not permit it. Accordingly, if the issue arises at trial, the Court will not permit any

argument to suggest that Defendant should have been required to hire new staff to meet a proposed accommodation.

### III.   Conclusion

Defendant has not presented a palpable defect in this Court's March 31, 2025, Opinion and Order that would warrant an amendment.

Accordingly,

**IT IS ORDERED** that Defendant's motion for reconsideration is **DENIED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: January 28, 2026