UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUDOOS HAMOOD,

      Plaintiff,

v.

                                                  Case No. 23-cv-10270
                                                  Honorable Linda V. Parker

ARAB COMMUNITY CENTER FOR
ECONOMIC AND SOCIAL SERVICES
d/b/a ACCESS, a Domestic Nonprofit Corporation,

      Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE</u>**

This is a religious accommodation case arising from Plaintiff Sudoos Hamood's termination by Defendant Arab Community Center for Economic and Social Services ("ACCESS").  On November 11, 2025, Plaintiff moved for leave to file a supplemental motion in limine to address statements made by Defendant during the Parties' October 2, 2025, settlement conference.  (ECF No. 65.)  The Court granted leave during a brief status conference held on the morning of January 20, 2026, and Plaintiff filed the motion later that day.  (ECF No. 68.) Defendant filed its response on January 26, 2026. (ECF No. 70.)

## I.      Background

Plaintiff is a practicing niqabi who worked as an ESL instructor for Defendant.  She taught an all-female class.  When Defendant moved its classes online during the COVID-19 pandemic, it required all instructors to activate their cameras and appear with their faces on-screen.  Because Plaintiff's religious practice requires her to cover her face, Plaintiff asserts that the policy created a conflict with her beliefs.  Defendant contends that it offered Plaintiff a reasonable accommodation by suggesting that Plaintiff establish a policy where students agreed to not take screenshots or photos during class.  (ECF No. 34-9 at PageID.839.)  Plaintiff rejected the proposed accommodation because she did not trust that all students would comply and she was uncomfortable with the idea.  *Id.*

On October 2, 2025, the Parties appeared before the Court for a settlement conference.  During the conference, Plaintiff again expressed her reasons for rejecting Defendant's proposed no-screenshot policy.  She also stated that the policy did not address her concern that male family members present in her students' homes could see her uncovered face if she taught virtually without her niqab.  Defendant's counsel responded that it was unlikely or "far-fetched" that any male would see Plaintiff's face while she taught her all-female class.  The exchange was made in the presence of the Court.  Plaintiff filed the present motion in limine to address those comments.

Plaintiff moves to preclude Defendant from introducing any argument, evidence, or commentary that characterizes her concern about being seen by men as "unreasonable," "far-fetched," or "unlikely."  (ECF No. 68 at PageID.2965-66.) Plaintiff argues that such argument is prejudicial and misstates the applicable legal standard under Title VII because it invites the jury to evaluate the plausibility of the basis of her religious accommodation request, rather than the sincerity of her belief.  (*Id.* at 2966-68.)  She further argues that such argument has no relevance under Title VII, would confuse the jury, and constitutes an impermissible burden-shifting tactic. *Id.*

## II.      Standard of Review

District courts have broad discretion over matters involving the admissibility of evidence at trial.  *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court may therefore alter its ruling during trial.  *See Luce*, 469 U.S. at 41-42.

The Federal Rules of Evidence preclude the admissibility of "[i]rrelevant evidence[.]"  Fed. R. Evid. 402.  "The rules regarding relevancy, however, are quite liberal."  Robinson v. Runyon, 149 F.3d 507, 512 (6th Cir. 1998).  Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action."  Fed. R. Evid. 401 (emphasis added).  The Court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth.'"  *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Evidence is inadmissible if there is a danger of *unfair* prejudice, not mere prejudice.  *See Robinson*, 149 F.3d at 514-15 (citing Fed. R. Evid. 403).  "Virtually all evidence is prejudicial or it isn't material."  *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983)) (additional citation omitted).

### III.    Analysis

Plaintiff asks the Court to preclude Defendant from introducing argument, evidence, or commentary suggesting that Plaintiff's basis for requesting a religious accommodation—specifically, her concern that she may be seen by men outside of her family—is unreasonable, far-fetched, unlikely, or otherwise lacking in credibility based on its perceived rationality or plausibility.  (ECF No. 68 at PageID.2965.)  Plaintiff frames this as an attack on the sincerity of her religious belief.

However, Defendant is not challenging the sincerity of Plaintiff's religious belief that she must cover her face in the presence of men.[1]  (*See* ECF No. 70 at PageID.3005.)  Instead, Defendant challenges a different proposition: whether, as a factual matter, it is likely that a man would view Plaintiff's uncovered face by looking onto a student's computer screen from the background while Plaintiff taught her all-woman virtual class.  Plaintiff treats these two positions as if they are the same. They are not.

The Court finds that Plaintiff uses the term "belief" too broadly.  In its Motion, Plaintiff blends the 'belief' language used in Title VII with *general assumptions* or beliefs that are tangentially related to Plaintiff's religious practice.

---

[1] In its response, Defendant states that it has "no intention . . . of offering evidence or making arguments that the Plaintiff's professed *religious beliefs or practices* are "unreasonable or "far-fetched." (ECF No. 70 at PageID.3005.)

Defendant's comments concern a separate, factual assumption and whether the proposed no-screenshot policy would have reasonably accommodated her religious practice.

Plaintiff's objection to the no-screenshot policy partially rested on assumptions about the security of the virtual classroom and the level of privacy within each students' home.  Defendant may challenge those assumptions.  Title VII does not bar an employer from examining the factual assumptions underlying a rejection of an accommodation request.  Defendant may present evidence that the risk Plaintiff fears is unlikely in order to support an argument that its proposed accommodation was reasonable.

### IV.    Conclusion

Accordingly,

The Court **DENIES** Plaintiff's supplemental motion in limine.  (ECF No. 68.)  As indicated above, this ruling is preliminary.  Counsel may ask the Court at a sidebar or outside the jury's presence to reconsider the matter if trial testimony or a line of questioning supports its exclusion.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 6, 2026