UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUDOOS HAMOOD,

      Plaintiff,

v.

                                   Case No. 23-cv-10270
                                   Honorable Linda V. Parker
                                   Magistrate Judge Anthony P. Patti

ARAB COMMUNITY CENTER FOR
ECONOMIC AND SOCIAL SERVICES
d/b/a ACCESS, a Domestic Nonprofit Corporation,

      Defendant.
_____/

## <u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT 6 AND EXHIBIT 8.</u>

This is a religious accommodation case arising from Plaintiff Sudoos Hamood's termination by Defendant Arab Community Center for Economic and Social Services ("ACCESS"). Presently before the Court is Plaintiff's motion to strike Defendant's Exhibit 6 (MI COVID Response and Modeling Update, 8/31/2021, R.36) and Exhibit 8 (OSHA, Protecting Workers: Guidance on Mitigating and Preventing the Spread of COVID-19 in the Workplace, 8/13/2021, R.37-3) for untimeliness. The motion was discussed with the Court during a status conference held on February 8, 2026. Finding the facts and legal arguments

adequately presented in the Parties' filings, the Court is dispensing with further oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court **DENIES** Plaintiff's motion.

Plaintiff suggests that Exhibit 6 and Exhibit 8 were never produced in discovery. The Court is aware that a party may not use a document to support a claim or defense if that document was not disclosed in discovery. Fed. R. Civ. P. 37. However, use of an undisclosed document may be permitted if the Court finds that the party's failure to produce was harmless or substantially justified. *Id.*

The Sixth Circuit adopted the following factors to determine whether a party's late disclosure is substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

> *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citations omitted).

District courts have broad discretion in applying the *Howe* factors and "need not apply each one rigidly." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). Instead, "the factors simply lend [courts] to the task at the heart of Federal Rule of Civil Procedure 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of

exclusion." *Id.* The Court concludes that the facts before it warrant a denial of Plaintiff's motion because Defendant's failure to disclose the evidence was harmless.

First, there is no surprise to Plaintiff. The evidence was filed on the docket in June of 2024 to supplement Defendant's motion for summary judgment and Defendant's response to Plaintiff's motion for partial summary judgement. (ECF No. 36 at PageID.1732-1786; ECF No. 37-3.) Plaintiff had an opportunity to cure any surprise—by reviewing the documents, scheduling a deposition, or otherwise—during the period between its June 2024 filing and the date of the present motion.

Admitting the exhibits would not disrupt trial because the information within them serves as the basis for Defendant's COVID-related defenses. Plaintiff has known, for at least a year and a half, that it would have to prepare a response to Defendant's assertion that it established protocols based on CDC and OSHA guidance, and that some of those protocols prevented it from accepting Plaintiff's proposed accommodations.

The Court acknowledges that the exhibits are important—*Howe* factor four—and that the exhibits are necessary to prove Defendant's theory of the case. The Sixth Circuit has recognized that the strength and importance of new evidence can "cut both ways." *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659,

670 (6th Cir. 2024). "The more important the proof, the greater the effect of preclusion, but also the greater the harm in tardy disclosure." *Id.* On this factor, the Court finds that the importance of the evidence outweighs any harm from tardy disclosure because Plaintiff has had access to the documents for over a year and a half.

The Court concludes that Defendant's failure to disclose Exhibits 6 and 8 was harmless. Given that (1) Plaintiff was on notice, at early stages in the litigation, that Defendant relied on CDC and OSHA guidance to influence its COVID-safety protocols; (2) the documents were filed on the docket in 2024, and (3) the information in the exhibits is public information, the Court **DENIES** Plaintiffs motion to now strike the exhibits. Plaintiff will not be prejudiced by their admission.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 10, 2026